### THE PEOPLE v. WILLIAM E. LONG.

*Pocket-picking—Prisoner's conversation in evidence—Res gestæ—Absent witness—Recommendation to mercy—Verdict.*

Picking a pocket or appropriating a dropped pocket-book needs no description in an information for larceny different from that employed in other cases of stealing.

The admission of evidence of a conversation between a policeman and a prisoner is not prejudicial on the ground that the latter was influenced, if he made no confession.

On the trial of a youth for the larceny of a pocket-book the fact that an officer had seen the prisoner's father search him immediately after the theft and take from him what seemed to be a gold piece and put it into his own pocket, was a part of the *res gestæ;* and the prosecution was not bound to call the father as a witness, as it was not claimed that he knew anything more about the transaction than the finding, and as he was actively aiding the defense, his position in regard to the facts was not such as to make him a necessary witness for the prosecution to protect defendant against a false accusation.

The efforts made to secure an absent witness, or the reason why his deposition was not obtained, should be shown to warrant reproducing his testimony on a former trial.

In a prosecution for stealing a dropped pocket-book at a saloon, the exclusion of testimony as to what the complaining witness had done, at another saloon, in dropping his pocket-book and charging theft, was not improper: such inquiries would be allowable on cross-examination of the complaining witness himself.

A verdict of guilty with recommendation to mercy does not violate public policy or entitle respondent to a new trial.

A delay of seven hours in agreeing to a verdict is not uncommon, nor are recommendations to mercy, especially with young offenders, and they do not indicate that the verdict was obtained by improper means.

It cannot be assumed that a jury found a false verdict and compromised against conscience.

Exceptions to Recorder's Court of Detroit. Submitted June 22. Decided October 6.

INFORMATION for larceny. Conviction affirmed.

Attorney-General *Otto Kirchner* for the people.

*Miller & Clarke* and *Maybury & Conely* for respondent. Converting lost property is not larceny: *Rex v. Wilkinson* 1 R. & R. 470.

CAMPBELL, J. Long was convicted of stealing a pocket-book and its contents from Frederick H. Blood, at a music hall in Detroit, kept by his father, John P. Long, on the 23d of January, 1880. A motion was made to quash the infor-

mation, on the ground that the respondent had never been examined on the same charge, and that the information was too general, and should have set out more fully the circumstances of the larceny.

The facts on which he was convicted were that, while Blood was at the music hall, sitting at a table and drinking with some companions, Long either picked his pocket, or picked up his pocket-book from the floor to which it had dropped after he had taken it out. The examination before the police justice was for the same offense. He was satisfied from the proofs before him that defendant should be committed, and his finding on the testimony is not in issue on the trial. There was no variance between the charges. So far as the form of the information is concerned, we do not know how this case of stealing differs from any other, or needs any different description.

Objection was made to the testimony of a policeman to a conversation with respondent while in arrest, it being suggested that as he was a boy of 17 years there was evidence that what he said was under influence. As the respondent made no confession whatever, there was no influence exerted to his prejudice on the trial.

Officer Hazard testified to seeing the elder Long search respondent immediately after the theft, and that the father took from his son what appeared to be a gold piece, and put it in his own pocket. Witness described it as apparently about the size of a silver twenty cent piece. This testimony respondent's counsel asked to have struck out unless the prosecution called John P. Long. It was clearly admissible evidence of a part of the *res gestæ*.

The failure to call John P. Long was not, we think, under the circumstances erroneous. There was no claim that he knew anything more about the transaction than the finding of the gold piece. It appeared that John P. Long was present in court, and active in aiding the defense. His position in regard to the facts was not such as to make him a necessary witness for the prosecution to enable defendant to be protected

against a false accusation, and his relation to the defense made it still less important.

The showing in regard to an absent witness, George Sisson, who testified on a former trial, was not sufficient to justify proving his former statements. It does not appear what efforts were made to secure his presence, or why his deposition was not obtained.

We do not think testimony about what Blood did at another saloon in Detroit, in dropping his pocket-book and charging theft, was improperly excluded. Such inquiries would have been open on cross-examination of Blood. We are not informed whether he was asked any questions on the subject.

We do not understand what principle of public policy is violated by a verdict of guilty with recommendation to mercy, or why such a verdict should entitle a party to a new trial. There is nothing in the record to indicate that the verdict was obtained by improper means. A delay of seven hours in agreeing is not unusual, and a recommendation to mercy is common also, especially with young offenders. We have no right to imagine the jury found a false verdict, and compromised against conscience.

There is no error in the record. Judgment should be rendered on the findings.

The other Justices concurred.