PEOPLE *v.* KAYNE.

1. Witnesses—Confidential Relationship—Waiver of Privilege.
   People's witness who waived any right she might have asserted as to self-incrimination in her joint effort with defendant and others to obtain money from automobile insurance company in falsely pretending injury to herself by voluntarily testifying as to pretension of injury also waived privilege attached to confidential relationship with doctor called to attend her.

2. Criminal Law—Indorsement of Names on Information.
   Failure to indorse on information for obtaining money under false pretenses from insurance company name of doctor called to attend one allegedly injured by prearranged automobile accident *held*, reversible error, where privilege attached to his relationship with patient had been waived by latter.

3. Same—False Pretenses—Res Gestæ Witnesses.
   Doctor called to attend woman shortly after alleged injury in automobile accident was a *res gestæ* witness in prosecution of driver charged with obtaining money from insurance company by false pretenses, being present at, and a party to, a material part of the transaction.

4. Same—Res Gestæ—False Pretenses.
   Evidence of acts and statements of woman who allegedly joined defendant and others to obtain money from his automobile insurance company by false pretenses, made at the time of the commission of the crime, are part of the *res gestæ* and admissible against each of the other joint wrongdoers.

5. SAME—RES GESTÆ—DEFINITION.

Res gestæ are the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character.

6. SAME.

Res gestæ are the facts which so illustrate and characterize the principal fact as to constitute the whole one transaction and render the latter necessary to exhibit the former in its proper effect.

7. SAME.

Acts and deeds emanating from the transaction as long as it continues become part of it, the time limits not being arbitrary, and are admissible in evidence as res gestæ.

8. SAME—RES GESTÆ WITNESS—INDORSEMENT ON INFORMATION—PRESENCE IN COURT.

Trial court committed reversible error in refusing defendant's application to have name of res gestæ witness indorsed on information and in failing to require his presence in court in the absence of a showing of inability to produce him.

9. SAME—PRESENTATION OF ONLY PART OF RES GESTÆ.

Conviction of a crime may not properly be claimed by prosecution upon evidence which expressly or by implication shows but a part of the res gestæ, if it appear that evidence of the rest of the transaction is attainable.

10. SAME—INDORSEMENT AND CALLING OF WITNESS BY PROSECUTION—RES GESTÆ—FALSE ACCUSATION.

Prosecution may not be required to indorse name of witness nor call him unless he is a res gestæ witness; nor need it indorse and call all such witnesses, especially when crime charged is not one of violence; but he should be called if his testimony is reasonably necessary to protect accused against a false accusation.

11. SAME—CHARGE OF THE COURT—REQUESTS TO CHARGE.

Charge of the court in criminal case, lacking some details essential to a technically correct statement of the law involved held, not reversible error in the absence of requests to charge preferred by defendant (3 Comp. Laws 1929, § 17322).

12. SAME—EVIDENCE—INSURANCE.

On appeal from conviction for obtaining money under false pretenses from insurance company, defendant may not complain of admission of certain insurance office records, where he later testified concerning this insurance.

13. False Pretenses—Subsequent Notice of Cancellation of Insurance Inadmissible.

Insurance company's record of serving notice of cancellation of defendant's automobile insurance some time after the commission of alleged offense of obtaining money from company under false pretenses *held*, inadmissible on trial as immaterial and possibly prejudicial.

Appeal from Recorder's Court for City of Detroit; Van Zile (Donald), J. Submitted April 12, 1934. (Docket No. 151, Calendar No. 37,222.) Decided July 2, 1934.

Samuel A. Kayne was convicted of obtaining money under false pretenses. Reversed, and new trial granted.

*Harry Cohen*, for appellant.

*Patrick H. O'Brien*, Attorney General, *Harry S. Toy*, Prosecuting Attorney, and *Chester P. O'Hara* and *Edmund E. Shepherd*, Assistants Prosecuting Attorney, for the people.

North, J. Defendant was convicted of obtaining money under false pretenses. According to the people's theory, the scheme by which plaintiff obtained money under false pretenses was as follows: Defendant, the owner of an automobile, carried automobile insurance in the Commercial Casualty Insurance Company. It was arranged that Mrs. Harry Bluestein was to be at the intersection of certain streets in the city of Detroit at the time defendant drove his automobile around the corner and she was supposed to have been struck and injured by defendant's machine. Defendant put her in his automobile, took her to her home, and assisted her into

the apartment where the Bluesteins resided. A
Dr. Atler was called by Charles Schnitzer, who is
claimed to have planned the details of the offense
charged. Before the doctor arrived Schnitzer ap-
plied iodine to certain portions of Mrs. Bluestein's
body to give the appearance of a bruised and in-
jured condition. Dr. Atler attended Mrs. Bluestein
the same evening of the supposed accident, pre-
pared surgical dressings, applied bandages and
attended her for some time thereafter. The
woman's right shoulder was encased in a dressing
of adhesive plaster and bandages, fixing the right
arm close to the side; her ribs were taped and one
of her knees treated by the doctor. Defendant noti-
fied the insurer of the accident. An investigation
was made, physical examination of Mrs. Bluestein
by the insurance company's physician, settlement
agreed upon, and $362.50 paid by draft to the order
of Mr. and Mrs. Bluestein. This draft was deliv-
ered to Schnitzer. Of this amount it is claimed de-
fendant received $104, the Bluesteins $100, and
Schnitzer received the balance out of which the doc-
tor's bill and other expenses were paid. Mr. and
Mrs. Bluestein and Schnitzer were witnesses for the
prosecution and testified in support of its theory of
the case.

The defense urged was that the injury actually
happened to Mrs. Bluestein, that the accident was
a fact, not fiction as claimed by the people. The fur-
ther claim was made that Schnitzer, prompted by
ulterior motives, has "framed" this case against
defendant.

The first ground of appeal discussed in appel-
lant's brief is that the trial court erred in denying
defendant's motion to indorse on the information
the name of Dr. Atler as a witness for the people,
after it appeared that he was a material witness and

no privileged communication existed. Three days before the trial defendant made a motion to have the name of this witness indorsed on the information. This application was denied by the court on the ground that any communications between the doctor and the patient arose from a confidential relationship, were privileged, and the doctor could not be compelled to testify. At the trial Mrs. Bluestein voluntarily testified in behalf of the people and in accordance with their theory of the case, having waived any right she might have asserted as to self-incrimination. Having so testified, she waived the right to assert a claim of privileged communication as against testimony that might be given by Dr. Atler. *Hamilton* v. *People,* 29 Mich. 173; *People* v. *Van Alstine,* 57 Mich. 69; *People* v. *Gallagher,* 75 Mich. 512. A further motion was made by defendant after Mrs. Bluestein had testified to have Dr. Atler indorsed as a people's witness. This application was denied on the ground that the doctor's testimony would be immaterial. In the people's brief it is now urged that regardless of the reason given, the trial court's ruling was correct because the doctor was not a *res gestæ* witness. In this connection it is pointed out that the doctor visited Mrs. Bluestein "several hours after the supposed event," and for this reason could not be a *res gestæ* witness. We think the prosecution's position cannot be sustained under the facts in the instant case. According to the theory of the prosecution, an indispensable portion of the people's case was proof that Mrs. Bluestein's claimed personal injury was fictitious; that it was not an actual injury as claimed by defendant. Aside from Mrs. Bluestein, no one could have had much more definite knowledge of this

phase of the case than Dr. Atler. Only shortly after defendant claims the accident happened the doctor saw and treated Mrs. Bluestein because of her actual or feigned injury. If there was an attempt to secure money by false pretense, her feigned injured condition was a necessary part of the criminal scheme. Such was the theory of the people's case. On the other hand, if Mrs. Bluestein was actually injured, as claimed by defendant, the attending physician must have had knowledge of such fact. The doctor was an eyewitness, not of the accident, but of the physical injuries, real or feigned, incident to which the insurance company made the payment of the money alleged to have been obtained by false pretense. The physician employed by the insurance company, Dr. Naylor, when investigating this case, "called up" Dr. Atler. The details of the interview are not in the record. But as charged in the information and according to the prosecution's theory and testimony, Mrs. Bluestein, as well as her husband and Schnitzer, joined defendant in committing the crime charged; and therefore her acts and statements at the time are clearly part of the *res gestæ,* and evidence thereof was admissible against each of the other joint wrongdoers. *St. Clair* v. *United States,* 154 U. S. 134, 149 (14 Sup. Ct. 1002). By being càlled to attend Mrs. Bluestein, Dr. Atler, innocently or otherwise, was present at and a party to a material part of the transaction which went to make up the fraud charged. He was a *res gestæ* witness.

"*Res gestæ* are the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character." *Stirling* v. *Buckingham,* 46 Conn. 461.

"No inflexible rule has ever been and probably never can be adopted as to what is a part of the *res gestæ*. It must be determined largely in each case by the peculiar facts and circumstances incident thereto; but it may be stated as a fixed rule that, included in the *res gestæ* are the facts which so illustrate and characterize the principal fact as to constitute the whole one transaction, and render the latter necessary to exhibit the former in its proper effect." *Chicago & Erie Ry. Co.* v. *Cummings,* 24 Ind. App. 192, 209 (53 N. E. 1026, 1031).

"And as long as the transaction continues, so long do acts and deeds emanating from it become part of it, so that, describing it in a court of justice, they can be detailed. * * * Nor are there any limits of time within which the *res gestæ* can be arbitrarily confined (citing Wharton on Criminal Evidence (9th Ed.), § 262)." *Territory* v. *Clayton,* 8 Mont. 1 (19 Pac. 293, 297).

See, also, *Davids* v. *People,* 192 Ill. 176 (61 N. E. 537, 541).

The materiality of Dr. Atler's testimony is apparent from the facts hereinbefore stated. It was seriously important to the defendant that the doctor should be called as a witness for the people. This not only gave defendant the right to cross-examine the witness, but it also saved defendant from being bound by the testimony given by the witness. In the absence of a showing of inability to produce this witness, who appears to have been a resident of the county and presumably readily reached, reversible error was committed by refusing defendant's application to have the witness indorsed on the information and produced in court by the prosecution. It seems quite unnecessary to again detail the duty of the prosecution in criminal cases. The subject has

been covered many times by decisions of this court. We quote from only one:

"But the prosecution can never, in a criminal case, properly claim a conviction upon evidence which, expressly or by implication, shows but a part of the *res gestæ*, or whole transaction, if it appear that the evidence of the rest of the transaction is attainable. This would be to deprive the defendant of the benefit of the presumption of innocence, and to throw upon him the burden of proving his innocence. It is the *res gestæ*, or whole transaction, the burden of proving which rests upon the prosecution (so far at least as the evidence is attainable). It is that which constitutes the prosecutor's case, and as to which, the defendant has the right of cross-examination; it is that, which the jury are entitled to have before them, and, 'until this is shown, it is difficult to see how any legitimate inference of guilt, or of the degree of the offense, can be drawn.'

"The prosecutor in a criminal case, is not at liberty like a plaintiff in a civil case, to select out a part of an entire transaction which makes against the defendant, and then, to put the defendant to the proof of the other part, so long as it appears at all probable from the evidence, that there may be any other part of the transaction undisclosed; especially, if it appears to the court that the evidence of the other portion is attainable. The only legitimate object of the prosecution is, 'to show the whole transaction, as it was, whether its tendency be to establish guilt or innocence.' * * *   But, certainly, if the facts stated by those who are called show *prima facie*, or even probable reason for believing that there are other parts of the transaction to which they have not testified, and which are likely to be known by other witnesses present at the transaction, then such other witnesses should be called by

the prosecution, if attainable, however nearly related to the prisoner.'' *Hurd* v. *People*, 25 Mich. 405, 415.

See, also, *Wellar* v. *People*, 30 Mich. 16; *People* v. *Etter*, 81 Mich. 570; and *People* v. *Vick*, 235 Mich. 475.

The indorsement and calling of a witness by the prosecution is not required unless he is a *res gestæ* witness. *People* v. *Grant*, 111 Mich. 346. And it is not the rule that all *res gestæ* witnesses must be indorsed on the information and called by the State. *People* v. *Kindra*, 102 Mich. 147. Especially is this true when the offense charged is not a crime of violence. *Bonker* v. *People*, 37 Mich. 4. Instead the rule is that, apart from cumulation of testimony, any *res gestæ* witness should be indorsed and called by the prosecution if the testimony of such witness is reasonably necessary to protect the accused against a false accusation. In *People* v. *Long*, 44 Mich. 296, it was held that failure of the prosecution to call a *res gestæ* witness was not error because, as stated by Justice Campbell:

"His (the witness') position in regard to the facts was not such as to make him a necessary witness for the prosecution *to enable defendant to be protected against a false accusation.*"

But where a fair presentation of the *res gestæ* of the crime charged cannot otherwise be made to the court or jury, the State is required to indorse and call the witness or witnesses whose testimony is necessary to protect the accused from being the victim of a false accusation. Such is the rule, as stated in *Hurd* v. *People, supra*, "so long as it appears at all probable from the evidence, that there may be any other part of the transaction undisclosed; espe-

cially, if it appears to the court that the evidence of the other portion is attainable."

Appellant presents certain objections to the charge of the court. There are lacking some details essential to a technically correct statement of the law embodied in the court's instructions. But in the absence of requests to charge preferred by defendant we are not prepared to hold that this was reversible error. 3 Comp. Laws 1929, § 17322. Objection is also made to the admission in evidence of certain records of the insurance office through which defendant obtained his automobile insurance. Defendant later testified concerning this insurance and hence has no cause of complaint in this particular. However, the company's record of serving notice on defendant of cancellation of his insurance some time subsequent to the commission of the alleged offense was wholly immaterial, possibly prejudicial, and should not have been received. Other questions covered by appellant's brief are either without merit or such as in all probability will not arise incident to a new trial.

Judgment and verdict are set aside and a new trial ordered.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.