## PEOPLE v UNSWORTH

1. CRIMINAL LAW—WITNESSES—KNOWN WITNESSES—INDORSEMENT—PROSECUTORIAL DUTY.

A prosecutor is bound to indorse all witnesses known to him at the time an information is filed; additional witnesses may be indorsed before or at trial by leave of court (MCLA 767.40).

2. CRIMINAL LAW—WITNESSES—INDORSEMENT—PURPOSE.

Indorsement of all witnesses known to a prosecutor at the time an information is filed is not a mere formality but a substantial right designed to protect an accused against suppression of testimony favorable to him and against false accusation (MCLA 767.40).

3. CRIMINAL LAW—WITNESSES—RES GESTAE—DUTY TO PRODUCE—WAIVER.

A prosecutor has an affirmative duty to produce all res gestae witnesses; however, a trial court has no duty to demand production of a res gestae witness who has been expressly waived by defense counsel.

4. CRIMINAL LAW—WITNESSES—RES GESTAE—WAIVER—TRIAL TACTIC.

Trial judge's acquiescence in defense counsel's waiver of an indorsed res gestae witness was not error where both waived witness and defendant were also awaiting trial for other crimes where the waiver appears to be based on the trial tactic conceived by defense counsel to be in the best interests of his client.

5. CRIMINAL LAW—WITNESSES—RES GESTAE—WAIVER—PREJUDICE.

Allowing defense counsel's waiver of a res gestae witness, even if a trial error, is not prejudicial unless the mistake is of such serious magnitude that but for such error the accused might not have been convicted; and an appellate court should not grant a new trial where such prejudice is not demonstrated.

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

6. CRIMINAL LAW—WITNESSES—RES GESTAE—PARTICEPS CRIMINIS—
DUTY TO PRODUCE.

The prosecutor is under no duty to call as a witness, whether
indorsed or otherwise, an accomplice of the defendant, where
there was testimony that the possible witness in a trial for
assault with intent to do great bodily harm less than murder
was *particeps criminis* with defendant in an attempted robbery
of the complainant.

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 November 9, 1972, at Detroit. (Docket No. 13013.) Decided November 28, 1972.

Eula Grey Unsworth was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Brown, Moss & Pearlman,* for defendant on appeal.

Before: LESINSKI, C. J., and FITZGERALD and VAN VALKENBURG,* JJ.

LESINSKI, C. J. The defendant appeals by right her jury conviction of assault with intent to do great bodily harm less than murder. MCLA 750.84; MSA 28.279.

The complaining witness stated that she had been shot by the defendant, apparently without any provocation. Defendant admitted the shooting, but claimed self-defense. The single other witness

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

to the act was Michael Barbat. By name the prosecutor moved to waive Barbat as an indorsed res gestae witness; trial counsel for defendant agreed, and the motion to waive was granted.

On appeal defendant alleges it was error for the trial judge to allow waiver of a res gestae witness even where the defendant's counsel agreed to the waiver, and that the defense counsel's waiver of the indorsed res gestae witness was an error of such serious magnitude that the defendant must be granted a new trial.

The prosecutor is duty bound to indorse all witnesses known to him at the time an information against a defendant is filed. Additional witnesses may be indorsed before or at trial by leave of the court.* Indorsement is not a mere formality, but a substantial right designed to protect an accused against suppression of testimony favorable to him and against a false accusation. *People v Long,* 44 Mich 296 (1880); *People v Davis,* 343 Mich 348 (1955); *People v Leon Brown,* 35 Mich App 173 (1971).

Our case law has developed a strong rule that the prosecutor has an affirmative duty to produce all res gestae witnesses. *People v Van Vorce,* 240 Mich 75 (1927); *People v Kayne,* 268 Mich 186 (1934).

We hold, however, that the trial court has no duty to demand production of a witness expressly waived by defense counsel. See *People v Keys,* 9 Mich App 482 (1968); *People v Reaves,* 21 Mich App 153 (1970).

It would appear that the prosecutor and defense counsel had adequate reason for waiving production of Michael Barbat. At the time of trial both the defendant and Barbat were awaiting trial on

---

* MCLA 767.40; MSA 28.980.

charges of armed robbery and first-degree murder in a bar holdup.

We find no error in the trial court's acquiescence to the waiver, as the decision to waive production appears to be based on the trial tactic conceived by defense counsel to be in the best interests of his client. If waiver of Barbat was a trial error on the part of defense counsel, it was not of such proportion as to bring it within the rule in *People v Degraffenreid,* 19 Mich App 702 (1969).

Where the lawyer makes a mistake of such serious magnitude that, but for such error, the accused might not have been convicted, the appellate court should grant a new trial. In *Degraffenreid,* the defendant's attorney failed to move for suppression of evidence claimed on appeal to have been illegally seized. Defendant has failed to demonstrate such prejudice to her defense.

Furthermore, the testimony of witnesses Mr. and Mrs. Okdie showed that Barbat was *particeps criminis* with the defendant in an attempted robbery of the complainant. The people are under no obligation to call as a witness, whether indorsed or otherwise, an accomplice of the defendant. *People v Chaney,* 21 Mich App 120 (1970).

Further, defendant alleges that it was prejudicial error for the prosecutor in his closing argument to interpret a hospital record relative to prosecutrix' injuries.

The prosecutor made the following comment:

"I urge you to take this document in. It is couched, unfortunately, in medical language. It describes the wounds in medical terms. I will not interpret it for you, I merely say this: If you find anything that indicates that wound to the shoulder is slight, so be it. I do not. I saw the scar."

Defendant's argument on this point is frivolous.
Affirmed.
All concurred.