PEOPLE v MORRIS

1. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—INDORSE-
   MENT.

   Names of witnesses cannot be indorsed at the time of trial where
   their existence and identity were known earlier, the delay in
   the request for indorsement is not satisfactorily explained, and
   the witnesses' unanticipated presence at trial would prejudice
   one of the parties; therefore, where the defense had knowledge
   of the existence and identity of a res gestae witness prior to
   trial, a motion to indorse this witness after the prosecution had
   rested was untimely.

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—INDORSE-
   MENT.

   A motion to indorse res gestae witnesses made at trial by a
   defendant after the prosecution had rested was timely, since it
   was made within a reasonable time after their identity became
   known to the defense, where the identity of the witnesses
   became known to the defense only after the testimony of two
   prosecution witnesses was given on the day of trial.

3. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—INDORSEMENT
   —STATUTES—PURPOSE.

   One of the underlying purposes of the statute requiring the
   indorsement of res gestae witnesses is to prevent the suppres-
   sion of evidence favorable to the accused; where there is serious
   doubt as to the extent of the prosecutor's efforts to discover the
   identity of possible res gestae witnesses and it appears that the
   prosecutor engaged in selective indorsement of pro-prosecution
   witnesses, the purpose of the statute is advanced by resolving
   the doubt in defendant's favor and allowing the indorsement of
   additional witnesses during the trial (MCLA 767.40).

Appeal from Washtenaw, Ross W. Campbell, J.
Submitted Division 2 October 21, 1973, at Lansing.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Witnesses § 165.

(Docket No. 16355.) Decided November 6, 1973. Leave to appeal applied for.

Marvin Morris was convicted of felonious assault. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* First Assistant Prosecuting Attorney, for the people.

*Joseph B. Szeremet,* Assistant State Appellate Defender, for defendant.

Before: McGREGOR, P. J., and BRONSON and CARLAND,* JJ.

PER CURIAM. The defendant was convicted by a jury of felonious assault, MCLA 750.82; MSA 28.277, and received a suspended sentence. On appeal, defendant challenges the failure of the trial court to require the prosecutor to indorse the names of three persons on the information as res gestae witnesses. He also contends that it was reversible error for the prosecutor to examine a witness on rebuttal as to facts which tended to prove the commission of the crime or its surrounding circumstances. Our decision relative to the first contention renders unnecessary consideration of the second.

On October 5, 1971, defendant was performing his duties as a sweeper at the General Motors Assembly Division in Willow Run; similarly employed was the complainant, Terry Robinson, who began sweeping debris into an aisleway so that it

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

could be picked up by a mechanical sweeper. Unfortunately, the particular aisleway in which Mr. Robinson was depositing the debris had only recently been cleaned by defendant. The two men became involved in a shouting match which was ended by the intercession of defendant's foreman, Gerald Nightingale.

According to defendant's version of the incident, he informed Robinson that he should not have been sweeping the debris into the aisleway. According to defendant, the complainant then called him a "nigger" and defendant was thereupon threatened, not only by the complainant but also by his cohorts.

As is often the case, the incident was not concluded when the dispute was interrupted by the foreman Nightingale, but continued in the plant parking lot after the shift change. According to the testimony of Robinson, the defendant greeted him in the parking lot with a gun and began waving it in his face and told him that if he crossed his path again he, the defendant, would kill him. The complainant's version of this part of the affair was corroborated by the testimony of two other employees, Marion Bowden and Michael Hamilton.

Although the complainant was able to unearth two witnesses who could testify that the appellant was holding a gun during the altercation in the parking lot, the appellant was able to produce four witnesses in his behalf who were able to testify that they did not see the appellant holding a gun at that time, those witnesses being Willie Brown, Nathaniel James, Jesse Cocstan, and Ulysses Austin.

During his testimony, the defendant declared that he had filed a complaint with the plant

department of labor relations, specifically to one Jerry Bennett.

During rebuttal testimony, Jerry Bennett testified that the defendant admitted that he pointed a gun at the complainant during the altercation in the plant parking lot.

Also testifying on rebuttal for the prosecution was Rex Morse, who was present when the defendant allegedly made the incriminating statement to Mr. Bennett, the labor relations representative. However, Mr. Morse was not able to state unequivocally that the defendant admitted holding a gun on the complainant during their altercation in the parking lot.

As noted above, the dispositive issue is whether it was prejudicial error for the prosecuting attorney to refuse to indorse and call all available res gestae witnesses to testify during the prosecution's case in chief.

During the cross-examination of the defendant by the prosecutor, the prosecution requested a continuance so that he could review a report allegedly made by the defendant to the labor relations department at the plant. The defendant was the first witness for the defense.

Immediately after this request by the prosecuting attorney, the defendant moved that the prosecution indorse three individuals as res gestae witnesses, namely: Gerald Nightingale, a foreman at the plant; an individual identified only as Wilfred, an employee; and another employee by the name of Jimmy Williams. Gerald Nightingale was the individual who acted as a mediator in the fracas which began when the complainant swept debris into an aisle which had just been swept by the defendant. The individual identified as Wilfred had accompanied Marion Bowden, an employee who

testified on behalf of the prosecution, to the parking lot and therefore presumably was able to view the incident as well as Mr. Bowden. Jimmy Williams was also a plant employee who accompanied Michael Hamilton, another prosecution witness, to the parking lot on the day in question, and also presumably had a view of the altercation between the complainant and the defendant.

Relevant Michigan law provides:

"All information shall be filed in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate, by the prosecuting attorney of the county as informant; he shall indorse thereon the names of the witnesses known to him at the time of filing the same. * * * Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine." MCLA 767.40; MSA 28.980.

The recent decision of this Court in *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973), is a veritable compendium of authority on the law of the indorsement of res gestae witnesses and, therefore, the case at bar will be examined with reference to that opinion.

The initial issue that must be faced is whether the defendant's motion to indorse was timely. The Court in *Harrison* held:

"Generally, permitting the late indorsement of witnesses is within the discretion of the trial court [citations omitted]. However, the discretion thus entrusted to the trial judge is not unfettered; it must be exercised with due regard for the defendant's right to a fair trial." 44 Mich App 578, 585; 205 NW2d 900, 905.

The Court further held that:

"As to the timeliness of a motion to endorse specified witnesses after the filing of the Information, trial courts have been frequently upheld when they permitted prosecutors to indorse witnesses on the day of trial * * * or even after trial has begun * * * and in extreme cases after defendant rested [citations omitted]." 44 Mich App 578, 586; 205 NW2d 900, 905–906.

Most importantly, the Court stated:

"We consider it only fair that defendants be extended the same leeway as prosecutors in having witnesses indorsed after the filing of the information." 44 Mich App 578, 587; 205 NW2d 900, 906.

There is one rule pronounced by the Court in *Harrison* which applies directly to the request of the defendant to indorse Gerald Nightingale. The Court held that:

"Names of witnesses cannot be indorsed at time of trial where their existence and identity were known earlier, the delay is not satisfactorily explained, and their unanticipated presence at trial would prejudice one of the parties." 44 Mich App 578, 586; 205 NW2d 900, 906.

The defense had knowledge of the existence of Gerald Nightingale and his relationship to the occurrences on October 5, 1971, inside the assembly division plant. Therefore, it was incumbent upon the defendant to move for indorsement at an earlier time, and the motion to indorse this witness after the prosecution had rested was untimely.

However, the same cannot be said of the other two individuals which the defendant requested that the prosecution indorse. The identity of those two witnesses became known only after the testimony of Marion Bowden and Michael Hamilton, as

witnesses for the prosecution, was given on the day of trial. Hence, defendants' motion requesting the indorsement of these witnesses was timely, since it was made within a reasonable time after their identity became known to the defense. *Cf. People v Jones,* 38 Mich App 512; 196 NW2d 817 (1972).

The facts in *Harrison* parallel those in the instant case to the extent that the corpus delicti was viewed by a large number of individuals, and the prosecution chose to indorse and call *only* certain of those witnesses whose testimony supported the prosecution's theory of the case. The Court in *Harrison,* responding to the prosecutor's assertion that he need only indorse witnesses known to him at the time the information is filed, stated:

"The statute, which refers to the date on which the information is filed, assumes that by that time the prosecutor will have fully investigated the facts. It does not take a great deal of legal acumen or common sense to realize that, out of a crowd of more than 1000 persons, it is highly improbable that only six policemen, and no one else, observed the defendant immediately before, or at the time, he allegedly threw the rock which struck Officer Bunten, and immediately thereafter. Yet the prosecutor made no effort to locate such persons * * * [preferring] to rely stubbornly on what he considered to be a lack of legal duty toward these potential witnesses, to such an extent that his fairness must be considered in doubt, and he will not be heard to object on such technical grounds as timeliness." 44 Mich App 578, 587–588; 205 NW2d 900, 906–907.

Though the error is not as obvious in the instant case as in *Harrison,* there is a serious doubt in our minds as to the extent of the prosecutor's efforts to discover the identity of other individuals, who, in all likelihood, were an audience to the parking lot altercation between the complainant and defend-

ant. The apparently selective indorsement of pro-prosecution witnesses convinces us that the doubt must be resolved in defendant's favor. To so hold furthers one of the underlying purposes of the indorsement statute, *i.e.,* preventing the suppression of testimony favorable to the accused.

We conclude that it was reversible error for the trial court to deny defendant's motions to require the prosecutor to indorse Jimmy Williams and Wilfred as res gestae witnesses.

Reversed and remanded for new trial.