## PEOPLE v FRANK JOHNSON

1. CRIMINAL LAW—EVIDENCE—SIMILAR OFFENSES—ADMISSIBILITY—STATUTES.

    A statutory exception to the general rule that in a criminal trial no reference may be made to the fact that the defendant has committed other similar offenses allows the introduction of evidence of similar acts if that evidence tends to show the defendant's motive, intent, absence of mistake, or the defendant's scheme, plan, or system of doing the act (MCLA 768.27).

2. CRIMINAL LAW—EVIDENCE—SIMILAR OFFENSES—PREJUDICE—PROBATIVE VALUE.

    Evidence tending to show a criminal defendant's motive, intent, absence of mistake, or scheme, plan, or system of doing a criminal act becomes inadmissible only when the attendant prejudice of such evidence outweighs its probative value.

3. CRIMINAL LAW—EVIDENCE—SIMILAR OFFENSES—ADMISSIBILITY—DISCRETION—DEFENDANT'S SCHEME—INTENT.

    Evidence which demonstrated a defendant's scheme or pattern and enabled the prosecutor to establish the necessary intent was properly admitted; assessment of the admissibility of evidence that a criminal defendant committed other offenses similar to that charged is within the discretion of the trial court.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—PRIOR OFFENSES—INTENT.

    Jury instructions are to be considered in their entirety, not by isolated excerpts, and an instruction was proper which, when read as a whole, apprised the jury that a defendant was not being tried for offenses other than the one charged but that evidence of prior similar acts of the defendant was admissible to show the intent of the crime charged.

5. CRIMINAL LAW—EVIDENCE—RES GESTAE—HEARSAY—ADMISSIBILITY.

    The conditions under which statements will be admissible in

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 29 Am Jur 2d, Evidence §§ 298–304.
[5–9] 29 Am Jur 2d, Evidence § 708 *et seq.*

evidence and come within the res gestae exception to the hearsay rule are (1) that there is a startling occasion, startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it.

6. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT —PROSECUTOR'S DUTY.

A prosecutor has a duty to indorse all res gestae witnesses.

7. CRIMINAL LAW—PROSECUTOR'S DUTY—CRIMINAL TRANSACTION.

A prosecutor has a duty to show the whole transaction involved in the prosecution for the crime just as it was, regardless of whether it tends to establish guilt or innocence of the defendant.

8. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—PRESUMPTION.

There is a rebuttable presumption that persons present at the time and place of the commission of a crime are res gestae witnesses.

9. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—PROSECUTORS.

A prosecutor is required to produce as witnesses, or show why he cannot produce, third parties who saw two men fleeing from the area where a crime had been committed and assisted the police in locating the two, where the complaining witness was the only person to identify the defendant at trial, the identity of the defendant was a crucial issue, and there is no showing on the record whether the third parties witnessed the commission of the crime.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 November 13, 1974, at Detroit. (Docket No. 18465.) Decided January 27, 1975.

Frank Johnson was convicted of attempted larceny from the person. Defendant appeals. Remanded with instructions, the Court of Appeals retaining jurisdiction.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

BASHARA, P. J. Defendant was found guilty by a jury of attempted larceny from the person, MCLA 750.357; MSA 28.589; MCLA 750.92; MSA 28.287 and appeals as of right. On December 20, 1972, at approximately 9:30 a.m. two men accosted Ms. Margarett Willoughby, the complaining witness. One man attempted to grab her purse while the other struck her on the head. Directly after the two men had fled, Ms. Willoughby gave two police officers in the vicinity a description of the two men. With Ms. Willoughby assisting, the police officers began searching the area on foot in the direction the assailants had fled.

As the three were pursuing the robbers, a bus driver, a candy store attendant, and other unidentified persons having noticed the flight of the two men, indicated to officers the direction the culprits had taken. The officers, following the leads given them, soon discovered two men who fit the descriptions given. Ms. Willoughby identified the two as her assailants at the scene, whereupon they were placed under arrest.

A prosecution witness, Mr. Olson, testified at trial that he saw the defendants attempt to "snatch" two other purses a few minutes before

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Ms. Willoughby was accosted. Defense counsel moved that this testimony be stricken, but the trial judge ruled that the testimony was admissible to show defendant's intent or design. Upon defendant's request the court instructed the jury that this testimony could not be used for the purpose of showing that defendants were guilty of other crimes.

Two police officers related what was told them by the bus driver and candy store attendant in describing the manner of defendants' apprehension. Defendant's counsel objected to this testimony, arguing that it was inadmissible hearsay. The court ruled the testimony admissible as res gestae statements. Defendant then moved that these persons be endorsed and produced as res gestae witnesses. This motion was also denied.

Defendant's contention that the trial court erred in admitting the testimony of Mr. Olson is not persuasive.

It is the general rule in this state that no reference may be made to the fact that a defendant has committed similar offenses. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970). However, a statutory exception[1] allowing the introduction of similar acts has been provided by the Legislature, if the evidence tends to show defendant's motive, intent, absence of mistake, or defendant's scheme, plan, or system of doing the act. This statutory exception does not provide a carte blanche for the admissibility of all prior acts. *People v Ferguson,* 45 Mich App 697; 206 NW2d 812 (1973). It is only when the attendant prejudice outweighs the probative value that such evidence becomes inadmissible. *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973). The assessment of the admissibil-

---

[1] MCLA 768.27; MSA 28.1050.

ity of such evidence is within the discretion of the trial court. *People v Shaw,* 9 Mich App 558; 157 NW2d 811 (1968).

In the instant case, the testimony of prior attempts immediately preceding the charged offense enabled the prosecutor to establish the necessary intent. Furthermore, it demonstrated defendant's scheme or pattern and thus was properly admitted into evidence.

At defense counsel's request, the trial court gave a limiting instruction concerning the purpose for which the testimony of prior offenses could be used. Defendant challenges the trial judge's instruction, particularly the statement that "the testimony may be offered to you in order to assist you to determine what the facts are in the principal case which we are trying here".

Jury instructions are to be considered in their entirety, not by isolated excerpts. *People v Hodo,* 51 Mich App 628; 215 NW2d 733 (1974); *People v Roberson,* 44 Mich App 105; 205 NW2d 50 (1972).

Reading the instruction as a whole, the jury was apprised that defendant was not being tried for other offenses but that these prior acts were admissible to show the intent of the crime charged. The jury was instructed that "these defendants are not being tried for any other offense than the one involving Ms. Willoughby". We find no error.

Defendant next argues the trial judge erred in allowing the officers to give hearsay testimony concerning the statements made to them by third persons not present at trial. We reject this argument and find that the trial court was correct in holding the officers' statements were admissible, since they came within the res gestae exception of the hearsay rule.

As was first written in *Rice v Jackson,* 1 Mich

App 105, 110–111; 134 NW2d 366 (1965) and then applied to criminal actions in *People v Thomas,* 14 Mich App 642; 165 NW2d 879 (1968), if the following criteria are met, res gestae statements are admissible:

"Under the general heading of *res gestae* there have emerged exceptions to the rule prohibiting hearsay evidence for statements uttered under the stress of excitement produced by a startling event, and made before the declarant has had time or opportunity to reflect or contrive. Whether labeled 'excited utterances,' 'spontaneous exclamations,' or, more generally, '*res gestae* statements,' they are admissible because special reliability is thought to be furnished by the excitement which suspends the powers of reflection and fabrication.

"In Michigan, the law regarding *res gestae* is clear. * * * [T]he conditions upon which such statements will be allowed in evidence are (1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it."

Testing the facts of this case against the above standards, we find (1) a startling occasion—specifically seeing two men running down the street in the early hours of the morning; (2) that the statements made to the officers by third persons were made before there was any time to contrive since they were given minutes after the event; and (3) the statements related to the circumstances of the occurrence, in that they described seeing two men running down the street away from the scene.

Defendant next contends that the bus driver and the candy store attendant, and other persons who assisted the police, should have been endorsed and produced as res gestae witnesses.

The prosecutor has a duty to endorse all res gestae witnesses. MCLA 767.40; MSA 28.980; *People v Kayne,* 268 Mich 186; 255 NW 758 (1934); *People v Jones,* 38 Mich App 512; 196 NW2d 817 (1972). It is the prosecutor's duty to show the whole transaction involved in the prosecution for a crime just as it was. This is so regardless of whether it tends to establish guilt or innocence of the defendant. *People v Tann,* 326 Mich 361; 40 NW2d 184 (1949).

At trial the complaining witness was the only person to identify the defendant as her assailant. The officers were able to trace his whereabouts based on her description. The identity of the defendant was a crucial issue at trial. There is no showing on the record whether these third persons witnessed the commission of the crime. The only indication is that they saw two men fleeing from the area. Since there is a rebuttable presumption that persons present at the time and place are res gestae witnesses, the prosecution must show that they were not. *People v Jones,* 52 Mich App 522; 217 NW2d 884 (1974). *People v Castelli,* 370 Mich 147, 155; 121 NW2d 438 (1963) stated:

"Inasmuch as identity of the robber was a major issue in the case, the testimony of every witness who could describe him was of utmost importance."

We agree with the procedure adopted in the recent case of *People v James,* 51 Mich App 777, 784; 216 NW2d 473 (1974). There the Court stated:

"However, rather than to order what might turn out to be a 'useless new trial', but to 'avoid a possible miscarriage of justice' we adopt the remedy utilized by the Michigan Supreme Court in the recent decision of *People v Robinson,* 390 Mich 629, 633; 213 NW2d 106 (1973)."

We therefore, in accordance with *Robinson, supra,* retain jurisdiction of this matter and remand to the trial court pursuant to GCR 1963, 820.1(5). It shall be the obligation of the judge to require the prosecutor to produce, or explain why he cannot produce all known res gestae witnesses who were not called at the trial. If said res gestae witnesses are produced, they shall be examined regarding their knowledge of the crime of which defendant was convicted.

At the conclusion of the remand hearing, the trial judge shall take such action as she deems required. If a new trial is not ordered, the trial judge shall within 15 days after the hearing, state her findings. The transcript of that hearing and the judge's statements shall be forwarded to this Court. Defendant may file a supplemental brief within 15 days after the trial court reaches its decision, and the people may file their brief within 15 days after receipt of defendant's brief.

We hold the final disposition of this cause in abeyance, pending compliance with the procedure we have outlined above.

Remanded.