## PEOPLE v HICKS

### OPINION OF THE COURT

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
   —PROSECUTOR'S DUTY—RIGHT.

   A prosecutor has an affirmative duty to indorse all res gestae witnesses known to him at the time an information against a defendant is filed; indorsement is not a mere formality, but a substantial right designed to protect an accused against suppression of testimony favorable to him and against false accusation.

2. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—PRESUMPTION
   —PROSECUTORS—BURDEN OF PROOF—REASONABLE DOUBT.

   It is the burden of the prosecutor to overcome the presumption that persons present at the time and place of an alleged crime are res gestae witnesses, and every reasonable doubt must be resolved in favor of indorsing and calling a witness when a defendant insists on his rights.

### DISSENT BY O'HARA, J.

3. COURTS—RULING—WITNESSES—RES GESTAE WITNESSES—APPEAL
   AND ERROR.

   *A trial court's ruling on who is or is not a res gestae witness is not to be disturbed on appeal unless clearly erroneous.*

4. JURY—INSTRUCTIONS TO JURY—EASILY UNDERSTOOD TERMS—DEFI-
   NITION—SPECIFIC REQUEST—APPEAL AND ERROR.

   *Failure to define easily understood terms in the instructions to the jury, in the absence of a specific request, is not error.*

5. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
   —MOTIONS—TIMELINESS.

   *A motion to indorse a witness as a res gestae witness, which is made after the prosecution has rested its case, is untimely.*

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 5] 29 Am Jur 2d, Evidence § 708 *et seq.*
[4] 75 Am Jur 2d, Trial §§ 701–705.

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted May 12, 1975, at Detroit. (Docket No. 19898.) Decided August 25, 1975. Leave to appeal applied for.

Gregory Hicks was convicted of felonious assault and possession of cocaine. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Leonard Townsend,* for defendant on appeal.

Before: T. M. BURNS, P. J., and M. F. CAVANAGH and O'HARA,\* JJ.

T. M. BURNS, P. J. We accept in its entirety Judge O'HARA's recitation of the facts in this case. However, although we agree with his resolution of the issue concerning the alleged error in the jury instructions, we respectfully disagree with his legal conclusions concerning whether or not the prosecution's failure to indorse the loiterers as res gestae witnesses was reversible error.

In the case at bar, out of all the people present at the time of the alleged offense, the prosecutor only indorsed the police officers as res gestae witnesses. However, the prosecutor has an affirmative duty to produce all res gestae witnesses. *People v Unsworth,* 43 Mich App 741; 204 NW2d 759 (1972), *People v Kayne,* 268 Mich 186; 255 NW 758 (1934).

---

\* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

In *Unsworth,* this Court said at 743; 204 NW2d at 761:

"The prosecutor is duty bound to indorse all witnesses known to him at the time an information against a defendant is filed. Additional witnesses may be indorsed before or at trial by leave of the court. Indorsement is not a mere formality, but a substantial right designed to protect an accused against suppression of testimony favorable to him and against a false accusation. *People v Long,* 44 Mich 296, 6 NW 673 (1880), *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955), *People v Leon Brown,* 35 Mich App 173; 192 NW2d 337 (1971)."

In the present case although the prosecutor knew the names and addresses of those persons arrested for loitering, he did not indorse any of them as res gestae witnesses. Since the defense claimed that these witnesses would not only testify that it was not the defendant who aimed the shotgun at the police officer but could testify as to what they saw and heard in the adjoining room at the time the offense allegedly occurred, their testimony was crucial to the defense. Although the question may be a close one, every reasonable doubt must be resolved in favor of indorsing and calling a witness when the defendant insists on his rights. *People v Wynn,* 60 Mich App 636; 231 NW2d 269 (1975), *People v Harrison,* 44 Mich App 578, 593; 205 NW2d 900 (1973), *People v Kayne, supra.* Furthermore, since there is a rebuttable presumption that persons present at the time and place are res gestae witnesses, the prosecutor must prove otherwise. *People v Samuels,* 62 Mich App 214; 233 NW2d 520 (1975), *People v Frank Johnson,* 58 Mich App 1, 7; 226 NW2d 730 (1975), *People v Jones,* 52 Mich App 522; 217 NW2d 884 (1974). We are not convinced that the prosecutor

has sustained his burden of proof in this case. Accordingly, we hold that the trial court's finding that the loiterers were not res gestae witnesses was clearly erroneous.

Reversed and remanded for a new trial.

M. F. CAVANAGH, J., concurred.

O'HARA, J. *(dissenting)*. This is an appeal of right from convictions of felonious assault[1] and possession of cocaine.[2]

The case arose out of a raid on what is sometimes referred to as a "dope pad". The enforcement officers, as was their duty, first obtained a search warrant. Then they sought entrance by virtue thereof. The premises were protected by steel bars and a steel door. True to their public duty some of the raiding party put a ladder up against the house and one of them attempted to gain entrance by an upstairs window.

He was most uncordially greeted by the defendant pointing a shotgun in his direction. Somehow the officer got in (alive). The defendant was found to have envelopes of cocaine on his person.

A number of other persons were in the building and they were charged with loitering in a place where narcotics or narcotic paraphernalia was kept.

The defendant contends that the failure of the prosecution to indorse the loiterers as res gestae witnesses was reversible error.

There was extensive oral argument at the time of defendant's *belated* motion[3] to indorse the other

---

[1] MCLA 750.82; MSA 28.277.

[2] MCLA 335.341(4)(b); MSA 18.1070(41)(4)(b).

[3] Defendant made his motion to indorse only after the people rested their case. This Court has held that a motion to indorse, at that time, is untimely. *People v Morris,* 50 Mich App 521; 213 NW2d 564 (1973).

persons present in the building as res gestae witnesses. Both the prosecutor and defense counsel vigorously argued their positions pro and contra as to the people's alleged obligation to indorse and produce the witnesses in question. I read the trial judge's ruling to have in effect held that the loiterers were not res gestae witnesses and that there was no duty owed by the people with respect thereto.

The rule of law in this state is that the trial court's ruling as to who is or is not a res gestae witness is not to be disturbed on appeal unless it is clearly erroneous. See *People v Dixon,* 45 Mich App 64; 205 NW2d 852 (1973), *reversed on other grounds,* 392 Mich 691; 222 NW2d 749 (1974). See also GCR 1963, 517.1. There is no way on the record in this case I could possibly find that its holding fell within this category.

As to the alleged error in the jury instructions, I also find this claim without merit. Failure to define easily understood terms in the absence of a specific request is not error. *People v Cannon,* 252 Mich 182; 233 NW 210 (1930).

I find no error that would warrant reversal.

I would affirm the verdict of the jury.