## PEOPLE *v.* HAGGAI.

1. CRIMINAL LAW—CROSS-EXAMINATION—IMMATERIAL MATTERS.

   Prejudicial error was not committed by trial court in denying defendant's counsel the right to cross-examine defendant's ex-wife as to her knowledge of when her paramour had been married, in prosecution for assault of ex-wife with intent to do great bodily harm less than the crime of murder, since neither the question nor the answer has any material bearing upon the credibility of the witness or other issues involved (CL 1948, § 750.84).

2. SAME—BLACKBOARD DRAWING OF LOCALE OF CRIME—DISCRETION OF COURT.

   Trial court did not abuse its discretion in refusing to permit victim of assault with intent to do great bodily harm less than the crime of murder to make a blackboard drawing of her living room, the locale of the alleged crime, to show how it was laid out, as her ability to draw on a blackboard was not in issue in the case (CL 1948, § 750.84).

3. SAME—SUBSEQUENT FRIENDLINESS WITH VICTIM OF ASSAULT.

   Refusal to permit defendant to testify that he was now friendly with his ex-wife, the victim of his alleged assault with intent to do great bodily harm less than the crime of murder, was not error, since whether he was friendly with her 6 months after the shooting took place was not in issue (CL 1948, §§ 750.84, 768.29).

4. SAME—ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN THE CRIME OF MURDER—INSTRUCTIONS.

   Prejudicial error in charge to jury was not made out by an incorrect statement that defendant was charged with assault

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 3 Am Jur, Appeal and Error §§ 1030, 1031; 53 Am Jur, Trial § 671.
[4, 8] 3 Am Jur, Appeal and Error § 1097; 53 Am Jur, Trial § 842.
[7] 3 Am Jur, Appeal and Error § 1055.

with intent to commit the crime of murder, where on 3 other occasions the trial judge correctly charged the jury that defendant was charged with assault to do great bodily harm less than the crime of murder (CL 1948, § 750.84).

5. SAME—NUMBER OF CHARACTER WITNESSES—DISCRETION OF COURT.
   The number of character witnesses that a defendant may have to testify is not limited by statute, but lies within the sound discretion of the trial judge.

6. SAME—CHARACTER WITNESSES—NUMBER—BELITTLING OF DEFENSE.
   Instruction in prosecution for assault with intent to do great bodily harm less than the crime of murder that defendant had one witness in regard to good character, and that he was entitled to 6 such witnesses and after that the court could limit the number, although erroneous, was not prejudicial in that it tended to belittle counsel and the defense in the eyes of the jury (CL 1948, § 750.84).

7. SAME—ASSAULT—SELF-DEFENSE—JUDGE'S COMMENT ON EVIDENCE.
   Trial judge's statement that, as a matter of law, there was no evidence that paramour of defendant's ex-wife did anything to cause anybody to fear that he would inflict any damage upon anybody at time of alleged shooting by plaintiff of his ex-wife, for which defendant had been charged with assault with intent to do great bodily harm less than the crime of murder *held,* within his statutory right of commenting on the evidence and not a usurpation of the function of the jury in its consideration of defendant's claim of self-defense (CL 1948, §§ 750.84, 768.29).

8. SAME—INSTRUCTIONS CONSIDERED AS A WHOLE—PREJUDICE.
   A trial court's charge to the jury in a criminal case must be read as a whole in order to determine whether it is prejudicial.

9. SAME—INTENT—INSTRUCTIONS—REQUEST TO CHARGE—EVIDENCE.
   Trial judge's charge to jury, in prosecution for assault with intent to do great bodily harm less than the crime of murder, with respect to prosecution's burden of proving intent to commit the crime, amply covered defendant's request in such respect (CL 1948, § 750.84).

10. SAME—ATTITUDE OF COURT—BELITTLING OF DEFENSE.
    Record failed to disclose that trial court's attitude was one of belittling the defendant and his attorney throughout the trial in prosecution for assault with intent to do great bodily harm less than the crime of murder (CL 1948, § 750.84).

Appeal from Kent; Brown (William B.), J. Submitted January 17, 1952. (Docket No. 93, Calendar No. 45,079.)  Decided March 6, 1952.

David Haggai was convicted of assault with intent to do great bodily harm less than the crime of murder. Affirmed.

*Bolt & Poel,* for appellant.

*Frank G. Millard,* Attorney General, *Roger. O. McMahon,* Prosecuting Attorney, and *Berton Sevensma,* Assistant Prosecuting Attorney, for the people.

SHARPE, J.  Defendant was tried before a jury in the circuit court of Kent county on a charge of assault upon one Dorothy Haggai with intent to do great bodily harm less than the crime of murder.* The jury returned a verdict of guilty as charged and subsequently defendant was sentenced for a term of years to the Michigan State prison at Jackson.

The record shows that Dorothy Haggai, the people's principal witness, and David Haggai, the defendant, were divorced in January, 1949; that Dorothy Haggai was given custody of their minor child; that on July 2, 1950, at about the hour of 4 a.m., Dorothy Haggai and Don Miles were at the home of Dorothy Haggai sleeping in 1 of the bedrooms and the child was sleeping in an adjoining room; that at this time defendant came to said home carrying a 22-caliber pistol, broke into the home and bedroom wherein Dorothy Haggai and Don Miles were sleeping; that David Haggai and his ex-wife began an argument about the payment of alimony; and while the argument was being continued in the living room,

---

* CL 1948, § 750.84 (Stat Ann § 28.279).—REPORTER.

the pistol was fired and the bullet entered Dorothy Haggai's body.

Dorothy Haggai testified that defendant threatened to shoot her unless she would sign a paper releasing him from the payment of alimony; that for a period of about 30 to 40 minutes after defendant entered the home, he continued to use loud and profane language; that just a moment before the shooting occurred he said to her, "Are you going to sign it or aren't you?" to which she replied, "No, I am not;" and that then the pistol defendant was holding was fired and the bullet entered her body.

The defendant claims that after he had learned of his ex-wife's conduct and associations, he went to her home to investigate the same; that he was armed with a 22-caliber pistol for the purpose of protecting himself against said Don Miles, who was considerably larger than the defendant; that after gaining entrance and arousing his ex-wife and said Don Miles, considerable loud and profane talk ensued; that he and his ex-wife discussed the matter of the defendant's having the custody of the minor child because of the defendant's ex-wife's conduct; that after being there several minutes, said Dorothy Haggai started fighting and scuffling with said defendant, and at the same time said Don Miles approached and attempted to strike the respondent with a beer bottle which said Miles had in his hand; and that in the ensuing tussle, the gun was accidentally discharged. He denied he threatened to shoot or kill anybody that morning; and testified he at no time intended to do so; that he had said gun with him for the purpose of self-protection; and that said gun was discharged accidentally while he and his ex-wife were scuffling.

Upon leave being granted, defendant appeals and urges that the court was in error in refusing to permit defendant's counsel to cross-examine Dorothy

Haggai concerning her knowledge of the date of Don Miles' marriage. The court's reason for not permitting an answer to the question was that it was not material. Defendant urges that the purpose of asking the question was to test the credibility of the witness. We are unable to see how the answer to this question could be a test of credibility. At most, it would be a test of her knowledge when Don Miles was married. Neither the question nor the answer has any material bearing upon the issues involved in this appeal. It was not prejudicial error to deny defendant's counsel the right to cross-examine upon this factual question.

Defendant also urges that the court was in error in refusing to permit Dorothy Haggai to make a drawing on a blackboard to show how the living room was laid out. The purpose of calling the witness was to have her testify as to facts within her knowledge. Her ability to draw on a blackboard was not in issue in this case. There was no abuse of discretion in refusing to permit her to make a blackboard drawing of the living room.

It is also urged that the court erred in refusing to permit defendant to testify that he was now friendly with his ex-wife. One of the issues in this case was defendant's intent at the time of the shooting. Whether defendant was friendly with his ex-wife 6 months later was not an issue. It was not error for the court to deny defendant the privilege of so testifying.

Section 768.29, CL 1948 (Stat Ann § 28.1052), provides:

"It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved. The court shall in-

struct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require. The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

It is also urged that the court erred by instructing the jury:

"The offense charged here in this information that I have read to you is assault with intent to commit the crime of murder, and murder is where one reasonably, wilfully and deliberately and with premeditation and malice aforethought, kills another human being in the peace of the people."

Following the above instruction, the following took place:

"*Mr. Vander Ploeg* (assistant prosecuting attorney): Your Honor, I think it is assault with intent to do great bodily harm.
"*The Court:* Yes.
"*Mr. Vander Ploeg:* Less than murder.
"*The Court:* Didn't I say that?
"*Mr. Vander Ploeg:* You said with intent to do murder.
"*The Court:* Well, the offense charged in the information, it will be what I said about being less than murder. It is assault with intent to do great bodily harm less than murder."

We note that the court upon 3 other occasions correctly charged the jury as to the nature of the offense. Under the circumstances in this case defendant cannot claim prejudicial error.

. Defendant also urges that the trial court erred in giving the following charge to the jury:

"There is one witness in the case in regard to good character. The rule in testimony in regard to good character, a person has a right to put on 6 good character witnesses, and after that the court can limit the number."

The objection raised to the above charge to the jury is that it tended "to belittle counsel and the defense in the eyes of the jury." The number of character witnesses that a defendant may have to testify is not limited by statute, but lies in the sound discretion of the trial judge. The instruction was erroneous, but we cannot find in such instruction the interpretation placed upon it by defendant's counsel. It was error, but not prejudicial.

Defendant also urges that the court was in error in stating as a matter of law that there was no evidence to support his claim of threatened assault just prior to the shooting, thereby directing the jury to disregard defendant's claim of self-defense. It appears that after instructing the jury on the subject of self-defense he added the following:

"There is no evidence in the case that I know of— I think I can state that there is no evidence in the case that Mr. Miles made any protest or did anything to cause anybody to fear that he would inflict any damage upon anybody at the time of this transaction. I simply state that as a matter of law."

In our opinion the facts in this case clearly show that defendant was the aggressor all the time he was in the house. Under the statute, hereinbefore cited, the court had a right to comment on the evidence. He did not usurp the function of the jury in so commenting.

It is also urged that the court erred in failing to give the following requested charge:

"I charge you ladies and gentlemen of the jury, that proof from which an intent may be inferred to

commit the crime of assault with intent to do great bodily harm less than murder, cannot be supplied by the mere fact that the injury was inflicted."

The trial court instructed the jury as follows:

"Something has been said in this case about proving the intent to shoot; a man with a gun in his hand, it goes off, and somebody gets shot. It is the duty of the people, the public, or the prosecutor to prove that the man who shot the gun off did it intentionally. The presumption of any fact is properly an inference of that fact from other facts and known circumstances. When the fact itself cannot be proved directly, that which comes nearest to the proof of it is the proof of the circumstances that necessarily and usually attends such facts, and from which it is inferred or presumed, that is, taken for granted until the contrary appears. All facts disclosed by the evidence, upon which any reasonable presumption of the guilt or innocence of the accused can be founded, may be considered by the jury in determining the issue before you. You are to confine your consideration to the evidence and the circumstances in the case and not in something which might exist but concerning which there is no evidence."

We have often said that the charge must be read as a whole to determine whether it is prejudicial. Its correctness cannot be tested by taking particular parts. See *People* v. *Serra,* 301 Mich 124. Moreover, the charge given by the trial court amply covered the subject matter of defendant's request.

It is also urged that the attitude of the court throughout the trial was one of belittling the defendant and his attorney. We have examined the record and fail to find wherein the trial court belittled defendant or his attorney. In order to substantiate such a claim evidence thereof must be contained in

the record.  In our opinion the defendant was given a fair trial.  The judgment is affirmed.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.