PEOPLE *v.* JESSIE JACKSON

CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—PRESENCE DURING CRIME.

> That certain persons were present at the place where a crime occurred and at the time of the crime does not mean that they were witnesses to the crime or that they could testify as to the circumstances or the facts which constitute the *res gestae* of the crime.

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 January 6, 1971, at Detroit. (Docket No. 7416.) Decided February 15, 1971. Leave to appeal denied July 14, 1971, 385 Mich 766.

Jessie L. Jackson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

---

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 723.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

DANHOF, J.   After a trial by jury the defendant was convicted of armed robbery.   MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).   He now appeals raising several issues.

The defendant contends that error was committed when a witness volunteered certain information.   The defendant did not object when the statement was made and he cannot raise the issue for the first time on appeal. *People* v. *Webb* (1968), 13 Mich App 625.

The defendant also contends that the trial court erred in refusing to give a requested instruction dealing with the failure of the prosecution to indorse and call certain *res gestae* witnesses.   That the prosecution must indorse and call all *res gestae* witnesses known to the people is well established. MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28.980); *People* v. *Bartlett* (1945), 312 Mich 648; *People* v. *Kayne* (1934), 268 Mich 186.   The fallacy in the defendant's argument is that there is no showing on this record that the witnesses not indorsed were *res gestae* witnesses.   The defendant bases his contention on the testimony of officer Kramer who testified that when he arrived at the Secretary of State's office there were approximately a half-dozen people who were present.   The only witnesses in-

dorsed were Mr. Fields, Mrs. Fields, and Mr. Washington. However, the testimony further shows that the officer talked to all the people and stated that he had obtained the names of all witnesses. The fact that certain people may be present at an occurrence does not mean that they are witnesses to the occurrence or that they could testify as to the circumstances or facts which constitute the *res gestae*. Cases cited by defendant pertain to the failure of a prosecutor to call witnesses known to him and where there was some evidence that they were in fact *res gestae* witnesses. Thus, absent some showing that the other persons alleged to have been present were in fact *res gestae* witnesses, the refusal of the trial court to give the requested instruction was not error.

The defendant's final contention is that the trial court did not properly instruct the jury regarding one of the elements of the crime. At one point in the instructions the trial court discussed the nature of the offense without stating that it was necessary that the people prove that the defendant was armed. However, jury instructions must be read as a whole. *People* v. *Dye* (1959), 356 Mich 271 (*cert den* 361 US 935 [80 S Ct 367, 4 L Ed 2d 355]); *People* v. *Haggai* (1952), 332 Mich 467; *People* v. *Carr* (1966), 2 Mich App 222. When the entire charge is considered it is clear that the trial court emphasized the fact that being armed is an element of the offense.

Affirmed.

All concurred.