PEOPLE v TOLLIVER

1. Robbery—Larceny from the Person—Included Offense.

Larceny from the person is an included offense in a charge of robbery; conviction therefor may result only where violence or threats of violence cannot be shown.

2. Robbery—Unarmed Robbery—Elements.

The essential elements of robbery unarmed are: (1) that the defendant by force and violence, assault or putting in fear, (2) feloniously took any property, which may be the subject of larceny, from the person of the complainant or in his presence, and (3) that the defendant was not armed with a dangerous weapon.

3. Robbery—Unarmed Robbery—Elements.

Putting the complainant in fear is not one of the requisite elements of unarmed robbery; it is sufficient that a defendant act with force and violence.

4. Criminal Law—Evidence—Instructions to Jury—Included Offenses.

Evidence must be introduced in support of a lesser crime in order for the court to charge the jury in relation to lesser degrees of an offense.

5. Criminal Law—Instructions to Jury—Included Offenses.

An instruction to the jury on any legally possible included offense is not warranted unless the offense is included both legally and factually.

6. Robbery—Unarmed Robbery—Larceny from the Person—Included Offense—Evidence—Compromise Verdict—Duty of Jury.

A conviction of a lesser included crime of larceny from the person

References for Points in Headnotes

[1] 50 Am Jur 2d, Larceny § 8.

[2, 3] 67 Am Jur 2d, Robbery §§ 1, 100.

[4–6] 21 Am Jur 2d, Criminal Law § 494.

will not be permitted to stand in a case where all the evidence supports the greater offense of unarmed robbery because to allow it to stand is to indorse a compromise verdict unsupported by the evidence, and where no conflicting evidence relating to the element of the greater offense that is not an element of the lesser offense was introduced, it was the jury's duty to return a verdict of either guilty or not guilty of unarmed robbery.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 December 13, 1972, at Lansing. (Docket No. 13956.) Decided March 28, 1973.

Michael Tolliver was convicted of larceny from the person. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: Fitzgerald, P. J., and McGregor and Targonski,* JJ.

Fitzgerald, P. J. Defendant was charged with unarmed robbery[1] and appeals as of right from a

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.530; MSA 28.798: "Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years."

jury conviction of larceny from the person.[2] The sole question is whether it was error for the judge to instruct the jury on the lesser included offense of larceny from the person.

Complainant, Alex Vaughn, was working late at a printing shop on Vernor Highway and Beaufait in Detroit and decided to buy some milk at a grocery store across the street. Upon his return, Mr. Vaughn was allegedly tripped by the defendant who was hiding behind some hedges surrounding the printing shop. The defendant allegedly kicked Mr. Vaughn in the face, stated "I want your money", removed Mr. Vaughn's wallet and wristwatch, and swiftly departed.

The police responded to Mr. Vaughn's call for help and searched the immediate neighborhood in a scout car, accompanied by the complainant. Mr. Vaughn described the assailant as being a colored male about six feet tall wearing an orange or yellow shirt or jacket and a wide-rimmed black hat. The police approached a nearby school yard and observed a man fitting the description given by complainant. Defendant, Michael Tolliver, was then arrested by the police on the basis of Mr. Vaughn's description. The defendant was accompanied by his girl friend, Alindra Huffman, at the time of his arrest. He stated he was returning to his home following an errand to the grocery store for his grandmother. This explanation was corroborated by Miss Huffman and by defendant's grandmother, Exie Tolliver, and two people he had met earlier that evening at the playground, Dwight Lewis and David Griffin.

At trial, the jury was instructed on the lesser

[2] MCLA 750.357; MSA 28.589: "Any person who shall commit the offense of larceny by stealing from the person of another shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years."

included offense of larceny from the person. Defense counsel objected to this particular instruction, but was overruled by the trial judge. The jury returned a verdict of guilty of larceny from the person. Defense counsel moved to set aside the verdict contending that the evidence presented failed to show larceny from the person and constituted an obvious compromise verdict. Defendant now appeals from a denial of his motion to set aside the verdict.

Defendant contends that the crime committed was unarmed robbery. Consequently, no question of fact exists to warrant the lesser charge to the jury of larceny from the person. The people argue that a question of fact with regard to an element of unarmed robbery did exist. They maintain that the complainant was never "put in fear" by the perpetrator of the crime.

Larceny from the person is an included offense in indictments for robbery. Convictions of a lesser offense than robbery may result only where violence or threats of violence cannot be shown. *People v Gould,* 15 Mich App 83, 87 (1968). The essential elements of robbery unarmed are:

"1. That the defendant by force and violence, assault or putting in fear;

"2. Feloniously took any property, which may be the subject of larceny, from the person of the complainant or in his presence, and

"3. That the defendant was not armed with a dangerous weapon." 4 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 2218, p 2442.

The disjunctive nature of the first element provides alternative methods by which a perpetrator may obtain the property. Contrary to the people's contention, putting the complainant in fear is not one of the requisite elements of unarmed robbery.

It is sufficient that defendant act with force and violence. In the instant case, the complainant offered uncontradicted testimony that he was kicked in the head, allegedly by the defendant. This was corroborated by one of the police officers who came to his aid. At no time was testimony offered which contradicted evidence of the use of force and violence.

Defendant contends that in order for the court to charge the jury in relation to lesser degrees of an offense there must be introduced evidence in support of the lesser crime. We agree. Where no disputed issues of fact exist which would justify a jury instruction as to a lesser crime, a defendant is not entitled to have the lesser charge included. Thus, where evidence is only of the greater offense, there cannot be an instruction given on any lesser included offenses. *People v Milhem,* 350 Mich 497 (1957); *People v Loncar,* 4 Mich App 281 (1966).

This Court has ruled that in order to warrant an instruction on any legally possible included offense, the offense must be included both legally and factually. *People v Carabell,* 11 Mich App 519, 524 (1968). In the instant case, there was no evidence that there was merely a taking of personal property from the person of the complainant. Uncontradicted testimony was introduced that the complainant was attacked with force and violence by the perpetrator of the crime. The evidence in this case does not support an instruction of a lesser included offense.

No question of fact exists in this case. The Court in *People v Stram,* 40 Mich App 249, 254 (1972), stated:

"When does a question of fact exist? If there is

conflicting evidence relating to the element of the greater offense that is not an element of the lesser offense, there is a question of fact as to that element."

No such conflicting evidence was introduced. It was the jury's duty to either return a verdict of guilty or innocent of unarmed robbery, depending upon whether they believed that the complainant correctly identified the defendant as being his assailant. To permit a conviction of the lesser included crime of larceny from the person to stand is to indorse a compromise verdict unsupported by the evidence.

Reversed and defendant ordered discharged.

All concurred.