PEOPLE v COLEMAN

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—FAILURE TO TESTIFY.

A decision to give or withhold an instruction to the jury not to consider adversely to the defendant his failure to testify at trial in his own behalf belongs to the defendant and his counsel.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—FAILURE TO TESTIFY.

It was not reversible error for a trial judge *sua sponte* to instruct the jury not to consider adversely to defendant his failure to testify at trial in his own behalf when the defendant and his counsel had prior warning that such an instruction was planned and failed to attempt to enjoin such an instruction.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—BURDEN OF PROOF.

A trial judge's instruction to the jury on the prosecution's burden of proof was not misleading where the instructions, when read as a whole, accurately stated the applicable law.

4. CRIMINAL LAW—IMPROPER QUESTIONS—HARMLESS ERROR.

A prosecutor's improper questioning of a defendant's alibi witnesses did not constitute reversible error where under the peculiar facts of the case no harm was done to the defendant and where the questions were superfluous.

5. CRIMINAL LAW—EVIDENCE—SELF-INCRIMINATION—STATEMENT BY DEFENDANT—WARNINGS.

A statement by a defendant to the police was properly admitted into evidence where the defendant was fully and fairly advised of his privilege against self-incrimination, and signed a written acknowledgement thereof.

6. CRIMINAL LAW—REBUTTAL WITNESSES.

The prosecution may not use rebuttal witnesses merely to restate its case; rebuttal testimony must be limited to rebuttal.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial §§ 699, 701.
[3] 53 Am Jur, Trial §§ 555, 657, 676, 680, 748.
[4] 21 Am Jur 2d, Criminal Law § 637.
[5] 21 Am Jur 2d, Criminal Law §§ 357, 367, 449.
[6, 7] 58 Am Jur, Witnesses § 561.

7. Criminal Law—Witnesses—Recalling Witnesses—Clarification of Testimony.

It was not reversible error for a trial judge to allow the prosecution to recall a witness to clarify the witness's previous testimony.

Appeal from Kent, John T. Letts, J. Submitted Division 3 January 9, 1974, at Grand Rapids. (Docket No. 14428.) Decided March 1, 1974.

Ernest Louis Coleman was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for the defendant.

Before: R. B. Burns, P. J., and Bronson and Van Valkenburg,* JJ.

R. B. Burns, P. J. Defendant was convicted by a jury of armed robbery. MCLA 750.529; MSA 28.797. He now appeals, alleging several errors below. Under the facts of this particular case it is our opinion that none of the alleged errors warrants reversal. We affirm.

First, defendant claims that it was reversible error for the trial judge to *sua sponte* instruct the jury not to consider adversely to defendant his failure to testify at trial in his own behalf. Such an instruction is commonly referred to as a *Griffin* instruction[1] and will be so referred to by us. We

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] *Griffin v California,* 380 US 609; 85 S Ct 1229; 14 L Ed 2d 106 (1965), *reh den* 381 US 957; 85 S Ct 1797; 14 L Ed 2d 730 (1965).

agree with defendant and with the panel of this Court which decided *People v Abernathy,* 29 Mich App 558, 561; 185 NW2d 634, 636 (1971), that the decision to give or withhold the *Griffin* instruction belongs to the defendant and his counsel.

In this case, as in *People v Abernathy, supra,* defendant and his counsel had prior warning that a *Griffin* instruction was planned and failed to attempt to enjoin such an instruction. Thus, as in *Abernathy,* the trial judge's act of giving the *Griffin* instruction does not warrant reversal.

Second, defendant claims that the trial judge's instruction on the prosecution's burden of proof was misleading. Admittedly, one sentence of the court's 13 pages of instructions, when isolated, was misleading. However, jury instructions must be read in their entirety. *People v Haggai,* 332 Mich 467; 52 NW2d 186 (1952). When read as a whole, the instructions given in the instant case accurately stated the applicable law.

Defendant called as alibi witnesses two young women both of whom admitted, when questioned by defense counsel and the prosecutor, prior convictions for prostitution. The prosecutor asked each of them if defendant was or had been their pimp. Each witness was asked that question just once. Both witnesses denied any such relationship with defendant, and the line of questioning was dropped. The prosecutor offered no proof that defendant was or had been the witnesses' pimp. Defendant's third claim of error is that the question asked by the prosecutor implied to the jury that defendant was indeed the witnesses' pimp, and that such a question was error because not substantiated by any proof. We cannot condone the use of a question to establish by innuendo what the prosecution apparently was unable to

establish by proper proofs. However, in this particular case we can perceive no harm to defendant. Since a witness's credibility may be impeached by use of prior criminal convictions, each of the witness's prior convictions for prostitution were properly before the jury. Under the peculiar facts of this case the jury's knowledge of those convictions was enough to create an inference as to the witnesses' relationship with defendant. Therefore, the prosecutor's questions, although improper, were superfluous and not reversible error.

Fourth, defendant claims that a statement made by him to the police was inadmissible because not obtained in compliance with *Miranda.* Defendant was fully and fairly advised of his privilege against self-incrimination, and he signed a written acknowledgment thereof. The statement was admissible.

Finally, defendant claims that it was reversible error for the trial judge to allow the prosecution to recall one of its witnesses. We agree with defendant that the prosecution may not use rebuttal witnesses to merely restate its case. Rebuttal testimony must be limited to rebuttal. *People v Quick,* 58 Mich 321; 25 NW 302 (1885); *People v Hanenberg,* 274 Mich 698; 265 NW 506 (1936). However, the testimony complained of by defendant was not offered in rebuttal. Before the prosecution rested it was allowed to recall a witness of the previous day. Unfortunately, the witness's original testimony left much to be desired. The witness was recalled to clarify that testimony.

Affirmed.

All concurred.