PEOPLE v JONES

Opinion of the Court

1. Criminal Law—Indorsement of Witnesses—Res Gestae Witnesses—Presence During Crime.

The mere presence of persons at an occurrence does not mean that they are witnesses so as to make their testimony such as would cast light upon the res gestae; only if their testimony casts some light upon the res gestae do such persons become res gestae witnesses and therefore the subject of a prosecutor's duty to indorse and produce.

2. Criminal Law—Indorsement of Witnesses—Res Gestae Witnesses—Presence During Crime—Presumptions.

It is a rebuttable presumption that persons established to have been in close proximity to a crime during its perpetration are witnesses whose testimony would cast light upon the res gestae; therefore, a trial court improperly concluded that two persons were not res gestae witnesses where it was uncontroverted that the two were present at the time of an alleged crime, and where the record contains no evidence tending to rebut the presumption that the two persons were res gestae witnesses.

3. Criminal Law—Indorsement of Witnesses—Cumulativeness—Appeal and Error.

A trial ruling which results in excusing the people from calling one whom they have a duty to produce as a witness on the ground of prosecutorial claims of cumulativeness, where the defendant has made timely objection, is scrutinized carefully.

4. Criminal Law—Indorsement of Witnesses—Cumulativeness—Probative Value.

The concept of cumulativeness envisions that the testimony of additional witnesses has little or no probative value; therefore, where a preceding witness had an extensive criminal record

References for Points in Headnotes
[1, 2, 6, 8] 21 Am Jur 2d, Criminal Law § 118.
[3–5] 58 Am Jur, Witnesses § 554.
[7] 41 Am Jur 2d, Indictments and Informations §§ 221–225.

and was at the time of trial incarcerated in prison, his testimony may have been given little weight by a jury, and it cannot be said that even identical testimony by the excluded witnesses would have been so devoid of value and persuasive effect as to be merely cumulative.

5. CRIMINAL LAW—INDORSEMENT OF WITNESSES—ACCOMPLICES—EVIDENCE.

A prosecutor's assertion that he should be relieved of his duty to indorse and produce two res gestae witnesses by reason of the fact that they were accomplices of the defendant was without merit where there was no evidence that the two witnesses were involved in the crime.

6. CRIMINAL LAW—INDORSEMENT OF WITNESSES—RES GESTAE WITNESSES—ACCOMPLICES—APPEAL AND ERROR.

A prosecutor will not be heard to argue both that witnesses he failed to indorse and produce were not res gestae witnesses and that they were accomplices.

7. INDICTMENT AND INFORMATION—SEPARATE OFFENSES—"SELL OR DISPENSE" HEROIN.

An information was not infirm on the ground of duplicity because it used the statutory language of "selling or dispensing" heroin (MCLA 335.152).

CONCURRENCE BY V. J. BRENNAN, J.

8. CRIMINAL LAW—INDORSEMENT OF WITNESSES—RES GESTAE WITNESSES—ACCOMPLICES—EVIDENTIARY HEARING.

*An evidentiary hearing to determine whether two persons not indorsed as witnesses by the prosecution were res gestae witnesses should include a determination whether those witnesses were accomplices of the defendant because there is no duty on the part of the prosecutor to indorse as res gestae witnesses those persons who could have been charged as accomplices.*

Appeal from Washtenaw, John W. Conlin, J. Submitted Division 2 October 8, 1973, at Lansing. (Docket No. 14403.) Decided April 26, 1974.

Frank Jones was convicted of unlawfully selling or dispensing heroin. Defendant appeals. Remanded for further proceedings with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Basil A. Baker,* Assistant Prosecuting Attorney, for the people.

*Richard W. Pierce,* for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Defendant was found guilty by a jury of unlawfully selling or dispensing heroin contrary to MCLA 335.152; MSA 18.1122, was sentenced to a prison term of from 20 to 21 years, and appeals as of right.

The testimony adduced at trial showed that an undercover narcotics agent went to a certain motel room in Ann Arbor to purchase heroin from defendant. The agent entered the room which was occupied by defendant, his wife, another adult female, three other adult males, and two or three children. The agent testified that while in the room he purchased from defendant four packets of heroin for $5 a packet.

Some six months prior to trial defendant moved to indorse on the information Maggie Jones (defendant's wife), Ricky Cole, Myron Luckett, Teresa Luckett, and Thomas Drewery, alleging that these individuals were present in the room at the time of the alleged sale and were thus res gestae witnesses. A hearing was held at that time, at which Ricky Cole testified that he and the above-mentioned individuals were in the room at the time of the alleged sale. The trial court apparently took the matter under advisement; however, there is no

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

indication that he passed upon the motion to indorse prior to trial.

Prior to the commencement of trial defendant renewed his motion to indorse. The trial court ruled that there had not been a sufficient showing that the witnesses were, in fact, res gestae witnesses; however, the court indicated that he would indorse said witnesses if the evidence adduced at trial showed that the witnesses were res gestae witnesses. During trial defendant renewed his motion to indorse. At that time the trial court ordered the indorsement of Ricky Cole and Thomas Drewery; however, the court refused to indorse the Lucketts.

Drewery was called and testified, in essence, that he was not in the room during the time the agent was there. Cole, on the other hand, testified that he was in the room at the time the agent was there, but defendant did not sell the heroin to the agent but rather gave it to the agent. Following Cole's testimony defendant yet again moved to indorse the Lucketts as res gestae witnesses. In response to this renewal the trial court stated:

"However, the Court does feel that such testimony if it would be in the nature of Mr. Cole's testimony would only be cumulative [and] if it is in the nature of Thomas Drewery's testimony * * * it wouldn't be helpful to anybody, so I believe I will deny the motion for them to be added as res gestae witnesses."

The defense thereafter rested and the jury brought in the aforementioned verdict.

Defendant in his motion for a new trial raised as one of his issues the failure of the prosecutor to indorse and produce the Lucketts as res gestae witnesses. The trial court in its opinion denying the motion for a new trial stated:

"The defendant after Cole's testimony again moved to add the Lucketts as res gestae witnesses. The Court again denied the motion for the reason that there had been no showing that they were witnesses, and the Court relied upon *People v Jessie Jackson,* 30 Mich App 438."

Quite apart from the fact that it appears that at trial the court ultimately refused to order indorsement of the Lucketts because it felt their testimony would be merely cumulative rather than because there was no showing that they were res gestae witnesses, we feel that the trial court's reliance on *People v Jessie Jackson,* 30 Mich App 438, 439–440; 185 NW2d 897, 898 (1971), is misplaced. This Court in *Jackson, supra,* stated:

"The defendant also contends that the trial court erred in refusing to give a requested instruction dealing with the failure of the prosecution to indorse and call certain *res gestae* witnesses. That the prosecution must indorse and call all *res gestae* witnesses known to the people is well established. MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28.980); *People v Barlett,* 312 Mich 648; 20 NW2d 758 (1945); *People v Kayne,* 268 Mich 186; 255 NW 758 (1934). The fallacy in the defendant's argument is that there is no showing on this record that the witnesses not indorsed were *res gestae* witnesses. The defendant bases his contention on the testimony of officer Kramer who testified that when he arrived at the Secretary of State's office there were approximately a half-dozen people who were present. The only witnesses indorsed were Mr. Fields, Mrs. Fields, and Mr. Washington. However, the testimony further shows that the officer talked to all the people and stated that he had obtained the names of all witnesses. The fact that certain people may be present at an occurrence does not mean that they are witnesses to the occurrence or that they could testify as to the circumstances or facts which constitute the *res gestae.* Cases cited by defendant pertain to the failure of a prosecutor to call witnesses known to him and where

there was some evidence that they were in fact *res gestae* witnesses. Thus, absent some showing that the other persons alleged to have been present were in fact *res gestae* witnesses, the refusal of the trial court to give the requested instruction was not error."

Clearly, as stated by the *Jackson* Court, the mere presence of persons at an occurrence does not mean that they are witnesses so as to make their testimony such as would cast light upon the res gestae. Only if their testimony casts some light upon the res gestae do such persons become res gestae witnesses and therefore the subject of the prosecutor's duty to indorse and produce. We would note, however, that the *Jackson* opinion is silent as to whether it was ever established on the record that the other alleged res gestae witnesses were present at the time the crime was committed or rather were merely present when the officer arrived.

Where, as here, it is established that the alleged res gestae witnesses were in close proximity to the alleged crime during its alleged perpetration, a rebuttable presumption that such persons were indeed witnesses whose testimony would cast light upon the res gestae must arise. It thereupon becomes incumbent upon the prosecutor to use due diligence to ascertain whether those persons present are res gestae witnesses. It is clear in *Jackson* that the police officer spoke to all the people present and obtained only the names of those who had, in fact, been witnesses. The prosecutor thereby rebutted any presumption that the remaining persons present were res gestae witnesses. At that point some showing must be made that the other persons were res gestae witnesses. We do not, however, read the language in *Jackson* to mean that the defendant must make a showing

that a person is a res gestae witness where it is established that said person was present at the time of the crime and there is no proof adduced by the prosecutor rebutting the presumption that said person was a witness.

Since in the instant case it was uncontroverted that the Lucketts were present at the time of the crime and were in extremely close proximity to the alleged transaction giving rise to this criminal charge, and since the record contains no evidence tending to rebut the presumption that the Lucketts were res gestae witnesses (in fact the record clearly establishes that no attempt was made by the prosecutor to ascertain whether the Lucketts knew anything about the crime), the trial court improperly concluded that the Lucketts were not res gestae witnesses. The proper procedure to be employed in this type of instance was set forth in *People v Harrison,* 44 Mich App 578, 590; 205 NW2d 900, 908 (1973):

"Preliminarily, we note that prudent practice, in doubtful cases, is to endorse a witness conditionally. The witness may then be subject to voir dire and the trial court thereby enabled to rule intelligently on the question of whether or not he is a res gestae witness. See *People v McCrea,* 303 Mich 213; 6 NW2d 489 (1942), *cert den,* 318 US 783; 63 S Ct 851; 87 L Ed 1150 (1943). If it is then determined that the witness is a res gestae witness, the prosecutor may commence his examination. Otherwise, the witness may be excused, subject to being called by the defendant at a later time. Such a procedure would drastically reduce the incidence of appeals based on failure to endorse res gestae witnesses."

Assuming as we must that the Lucketts were res gestae witnesses, the question still to be resolved is whether the prosecutor is nonetheless not required to indorse and produce them. At trial the court

indicated that he was not ordering their indorsement because their testimony would be cumulative. As noted in *Harrison, supra,* 590:

"At the trial level, prosecutorial claims of cumulativeness should be viewed with a jaundiced eye; on appeal, this Court will carefully scrutinize the lower court's ruling when it results in excusing the people from calling one whom they have a duty to produce as a witness, where, as here, defendant has made timely objection."

The trial court noted that "if it [the Lucketts' testimony] would be in the nature of Mr. Cole's testimony [it] would be cumulative". There is, of course, no way of knowing whether the testimony of the Lucketts would have been "in the nature of Mr. Cole's testimony". Even if the Lucketts' testimony were identical to that given by Cole, the trial court should exercise great restraint in discharging the prosecutor from his statutory duty to indorse and produce the witnesses. While the prosecutor should not be required to produce an inordinate number of witnesses, neither should defendant's right to confront those witnesses who could shed light on the nature of the crime be crucified on the cross of judicial efficiency. We would also note that the very concept of cumulativeness envisions that the testimony of the additional witnesses has little or no probative value. Since Cole had an extensive criminal record and was at the time of trial incarcerated in Jackson prison, his testimony may have been given little weight by the jury; therefore, it cannot be said that even identical testimony by the Lucketts would have been so devoid of probative value and persuasive effect as to be merely cumulative.

The prosecutor urged both below and on appeal that he should be relieved of the duty of the

indorsement and production of the Lucketts as res gestae witnesses by reason of the fact that they were accomplices. The trial court determined that this assertion was without merit, since there was no evidence that the Lucketts were involved in this crime. We agree with the trial court in this regard. We would further add that the prosecutor will not be heard to argue both that the Lucketts were not res gestae witnesses and that they were accomplices.

Since error of reversible proportions occurred only if the Lucketts were, in fact, res gestae witnesses, the appropriate remedy at this point is to remand for a hearing to determine if the Lucketts were res gestae witnesses.[1] If the Lucketts indicate that they did observe defendant and the agent during the time the agent was in the room,[2] the trial court shall reverse defendant's conviction and grant him a new trial.

Defendant's assertion that the information is infirm on the ground of duplicity because it used the statutory language of "sell or dispense", claiming the same to envision two separate offenses, has been considered and found lacking in merit.

Remanded to the trial court for proceedings not inconsistent with this opinion.

T. M. BURNS, P. J., concurred.

V. J. BRENNAN, J. *(concurring).* I would concur

---

[1] The hearing can, of course, be dispensed with if upon remand the prosecutor otherwise determines that the Lucketts were res gestae witnesses who should have been indorsed and so informs the trial court.

[2] Note that to constitute being a res gestae witness it is sufficient that the Lucketts observed the defendant and the agent during the period the agent was in the room. It is not necessary that they saw criminal activity, for if they observed defendant and the agent during that period of time and yet saw nothing this is probative of showing the existence (or nonexistence) of the res gestae of the crime.

with Judge VAN VALKENBURG'S opinion; there was testimony that the Lucketts were aware of the heroin activity in the room that the defendant was arrested in, that there was open heroin therein, that the sale of the heroin was there, and that there was evidence that heroin had been used in that room. There was also testimony that tinfoil decks were being made up there. The undercover agent testified that he had, at one time, dealt with the Lucketts, although his testimony in this area is a little vague.

I would ask that the trial judge, on remand, inquire into that area so as to determine whether the Lucketts were in fact accomplices; and, if he so finds, then the law is quite clear that there is no duty on the part of the prosecutor to endorse as res gestae witnesses those persons who could have been charged as accomplices and, therefore, the conviction should be affirmed.