PEOPLE v RICHARD SMITH

OPINION OF THE COURT

1. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—
   TIMELY OBJECTIONS—MANIFEST INJUSTICE.

   A defendant who seeks review of an allegedly erroneous instruction must have made a timely objection, absent a showing of manifest injustice.

2. CRIMINAL LAW—ARMED ROBBERY—INSTRUCTIONS TO JURY—LESSER
   INCLUDED OFFENSES—ARMED ROBBERY—COMPROMISE VERDICTS.

   Charging the jury on certain lesser included offenses, in a trial for armed robbery, is not reversible error where defense counsel indicated satisfaction with the charge, the defendant was convicted of the highest crime with which he was charged, there was no compromise verdict, and no manifest injustice occurred.

3. CRIMINAL LAW—PROSECUTOR'S QUESTIONS—CLEAR INJUSTICE—
   HARMLESS ERROR.

   A prosecutor's allegedly improper questioning of witnesses is not ground for reversal of a defendant's conviction where no objection was made, a review of the record reflects no clear injustice, and any error was harmless beyond a reasonable doubt in view of the overwhelming evidence of guilt.

DISSENT BY R. M. MAHER, J.

4. CRIMINAL LAW—EVIDENCE—PROSECUTORS—INNUENDO—FAIR TRIAL.

   *A defendant was denied a fair trial by a prosecutor's repeated attempts to establish by innuendo matters otherwise inadmissible where the prosecutor's devious means resulted in the introduction of highly prejudicial matters which seriously disadvantaged the defendant's position.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 652.
[2] 75 Am Jur 2d, Trial §§ 876–882.
[3] 75 Am Jur 2d, Trial §§ 176, 193, 194.
[4] 21 Am Jur 2d, Criminal Law §§ 221, 222, 234–240.

Appeal from Berrien, Julian E. Hughes, J. Submitted January 7, 1976, at Grand Rapids. (Docket No. 22984.) Decided March 24, 1976.

Richard C. Smith was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Sally M. Zack,* Assistant Prosecuting Attorney, for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: D. E. Holbrook, P. J., and R. M. Maher and D. F. Walsh, JJ.

D. E. Holbrook, P. J. Defendant was found guilty by a jury of armed robbery, contrary to MCLA 750.529; MSA 28.797. He was sentenced to prison for a term of 10 to 50 years and he appeals as of right.

At trial the prosecutor introduced largely uncontested evidence which tended to show that on May 6, 1974, defendant went with two friends to Ray's Motel in Stevensville, Michigan. A 71-year-old woman was managing the motel in an effort to assist her friends who owned it. Defendant inquired about renting an apartment for his wife and himself. The evidence is not clear as to whether defendant at that time looked at a room suitable for two people, but at any rate, after being informed of the price for such a room he decided it was too expensive. The manager then informed the defendant that the motel rented sleeping rooms for men at a lower price. At this point, one of the men tenants of the motel entered

the office to pay his rent. Defendant went to make a phone call which he told the manager was to his wife, but which he later testified was an incomplete call intended for his mother. While making the phone call, defendant saw the other man pay $50 towards his rent. Defendant then exited the motel and returned a short time later with a friend. He and his friend went to see the room. When they returned, defendant put his hand in his pocket and pointed an object at the manager, announcing a stickup. The manager was ordered by the defendant to open the cash register and lie on the floor. She believed the defendant had a gun in his pocket. Defendant took the money from the cash register, and the men left.

At trial, defendant took the stand in his own defense and admitted most of the allegations. However, he claimed that he had not gone to the motel for the purpose of committing a robbery but was under the influence of LSD, marijuana and alcohol and was moved to commit the crime by the sight of the money tendered by the customer.

Defendant's first allegation of error is that certain lesser included offenses should not have been contained in the charge to the jury. We must first note that no objection was made to the instructions as given; in fact, defense counsel indicated satisfaction with the charge. Absent a showing of manifest injustice, a defendant who seeks review of an allegedly erroneous instruction must make a timely objection. *People v Spaulding,* 42 Mich App 492, 496; 202 NW2d 450, 452 (1972). This case does not entail a compromise verdict unsupported by the evidence as was the case in *People v Tolliver,* 46 Mich App 34; 207 NW2d 458 (1973). Rather, in this case, defendant was convicted of the highest crime with which he was charged. A review of the

record fails to disclose any manifest injustice. Defendant cannot prevail on this issue.

Defendant next argues that the prosecutor questioned certain witnesses in a manner which was intended to establish by innuendo facts which were never directly proven or capable of proof by competent evidence and that this action by the prosecutor constituted reversible error. Defendant made no objection below to the questions asked by the prosecutor. However, we have searched the record for error reflecting clear injustice and have found none. See *People v Hicks,* 2 Mich App 461; 140 NW2d 572 (1966). This was not a case of blatant prosecutorial misconduct as was present in *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969). The most that can be said is that the prosecutor did not prove that certain questions answered by certain witnesses should have been answered in another manner. If this was error at all, then, in view of the overwhelming evidence of guilt, we rule that it was, beyond a reasonable doubt, harmless. *Chapman v California,* 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967), *People v Inman,* 54 Mich App 5; 220 NW2d 165 (1974), MCLA 769.26; MSA 28.1096, GCR 1963, 529.1. The record here indicates that defendant received an abundantly fair trial.

Affirmed.

D. F. WALSH, J., concurred.

R. M. MAHER, J. *(dissenting).* The prosecutor's cross-examination of defendant reveals a calculated attempt to introduce, by way of innuendo, matters irrelevant yet highly prejudicial to defendant. One line of cross-examination insinuated that defendant's mother had told the police that defendant had stolen her car:

"*Q.* And the car you had wasn't yours?

"*A.* Correct.

"*Q.* It was your mother's car?

"*A.* Correct.

"*Q.* And isn't it a fact your mother didn't even know that you had the car?

"*A.* Yes, she did.

"*Q.* Are you aware that the police talked with your mother?

"*A.* Yes, I am.

"*Q.* And do you know what your mother told the police?

"*A.* I am not aware what she told them, no.

"*Q.* I said, do you know what your mother told the police?

"*A.* I do not.

"*Q.* Now, are you saying that your mother knew you had the car?

"*A.* Yes.

"*Q.* That you had it with her permission?

"*A.* Yes.

"*Q.* What was your mother using for a car?

"*A.* If I may explain the circumstances around the car I think it would clarify this to this court of how I came upon the car.

"*Q.* You can answer.

"*A.* It was on a Saturday, approximately towards the end of March, I asked her if I could use the car to take a friend to Mishawaka. I took him to Mishawaka and came back into Niles and there I went to Coloma and just didn't return the car up until the time when they stopped me and arrested me for this charge.

"*Q.* Are you aware that Detective Mills talked with your mother and brother?

"*A.* I am not aware, other than what you have just told me."

Although the trial court had ruled that defendant's prior convictions were inadmissible for impeachment purposes, the prosecutor's cross-exami-

nation skillfully conveyed the notion that defendant had a history of trouble with law enforcement agencies. After implying, through his questions, that defendant used his position as a police drug informant to avoid suspicion, the prosecutor employed the following line of questioning:

"*Q.* And you were only informing to the Coloma Police Department, is that right?

"*A.* Correct.

"*Q.* You weren't informing to the Sheriff's Department?

"*A.* This is correct.

"*Q. Because you knew the Sheriff's Department knew you and what you were, is that not right?*

"*A.* I cannot answer that question because I don't know what you mean.

"*Q.* That might apply to the State Police, too.

"*A.* I didn't hear that last question.

"*Q. That applies to the State Police,* they knew you too?

"*A.* I do not know this.

"*Q.* But you had the Coloma Township Police Department fooled.

"*A.* I did not have them fooled.

"*Q.* They thought you were a—had turned goody-goody?

"*A.* The reason I had even worked with the Coloma Township Police is because I knew Jack Page from the past and Officer La Vanway. I used to go to school with them. The reason for not working with the Sheriff's Department was because of some personal on Metro. [sic].

"*Q. You knew certain members on the Sheriff's Department?*

"*A.* Yes.

"*Q. And they knew you too?*

"*A.* Well, they probably have. I have lived around here all my life.

"*Q. From way back a few years.* So you knew you couldn't fool them, is that not right?

"*A.* I have never—I haven't been trying to fool anybody." (Emphasis supplied.)

The prosecutor violated his duty to defendant and the public, see *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969), by his repeated attempts to establish by innuendo matters otherwise inadmissable. *People v Coleman,* 51 Mich App 539; 215 NW2d 585 (1974), *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971). Since I think the introduction of highly prejudicial matters by devious means seriously disadvantaged defendant's position, I must disagree with the majority's conclusion that defendant received a fair trial. I would reverse and remand for a new trial.